IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KHALAIS Q. LEWIS, JH-0914,            )
     Petitioner,                    )
                                  )
          v.                            )     2:13-cv-126
                                  )
ATTORNEY GENERAL, et al,              )
     Respondents.                   )

MEMORANDUM and ORDER

Mitchell, M.J.:

      Khalais Q. Lewis an inmate that the State Correctional Institution at Coal Township has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

      Lewis is presenting serving a 72 to 144 month sentence following his conviction by a jury of possession of a controlled substance and conspiracy possession of a controlled substance with intent to deliver at No. CP-26-2028-2008 in the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was imposed on November 18, 2009.[1]

      An appeal was taken to the Superior Court in which the questions presented were:

1.   Did the lower court err in permitting Detective Ryan Reese to testify that defendant Khalise Lewis had the street name "Moody" after Detective Thomas O'Barto testified that "Moody" was a street name he is familiar with from this "dealings and drug work in Uniontown"?

2.   Was it prejudicial for the co-defendant to testify that she had knowledge that her cousin [Appellant herein] may be involved in illegal activity "from him being in and out of jail before"?

3.   Was the jury's verdict contrary to the weight of the evidence?[2]

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Exhibit 17 to the answer at p.5. It would be most helpful to the Court if in the future counsel for the respondents would arrange his supporting documents in a logical chronological order, clearly mark them as exhibits and provide an index to those exhibits.

On August 6, 2010, the judgment of sentence was affirmed.[3] Leave to appeal to the Pennsylvania Supreme Court was denied on May 4, 2011.[4]

On May 5, 2011, Lewis filed a post-conviction petition.[5] Relief was denied and an appeal was filed in which the question presented was:

> Whether PCRA Court did err in not finding ineffective assistance of counsel at the following stages: (1) The failure to file Pretrial suppression motions, (2) trial counsel's failure to call two witnesses the Defendant had implored him to call at jury trial, and (3) the failure of trial counsel to object to the Defendant being identified by his street name.[6]

On September 21, 2012, the denial of post-conviction relief was affirmed.[7]

Petitioner mailed the instant petition on January 20, 2013 and in support thereof contends he is entitled to relief on the following grounds:

1. The lower Court erred in permitting detective Ryan Resse to testify that defendant Khalais Lewis had the street name "Moody" after the detective Thomas O'Barto testified that "Moody" was a street name that he has familiarity with from his dealings and drug work in Uniontown.

2. The lower Court erred when it allowed the prejudicial testimony of a co-defendant to testify to knowledge of petitioner's prior criminal record.

3. Keeping in mind that my PCRA petition was to be read liberally, many of the claims related directly and are elements of prosecutorial misconduct, this petitioner must speak of the use of the Firearm known as the "GLOCK" yet again. Though never charged which the record will reflect, that it was also used to intimidate one of jurors, one that had an innate fear of firearms. She was forced to remain a juror against her own objections and the prosecutor was waving it in her face as well as attempted to hand it to this petitioner.

4. Because a confidential witness was used, one that claimed to have bought drugs from this petitioner months prior to an arrest and never presented for testimony at trial, this petitioner's right to confrontation was violated. In court testimony was improperly submitted to the jury that informant/agents testimony was made trustworthy by implication of the officers themselves. And the prosecutor as well again leading to misconduct. This is known as malicious prosecution that can only be seen as outrageous. Again counsel did nothing to address this injustice. PCRA counsel failed to properly address the confrontation issues named in this PCRA petition.

---

[3] See: Exhibit 6 to the answer.
[4] See: Exhibit 1 to the answer at p.12.
[5] See: Exhibit 7 to the answer.
[6] See: Exhibit 20 to the answer at p.3.
[7] See: Exhibit 12 to the answer.

5. Appeal counsel who was trial counsel failed to address the weight of the evidence in post-trial motions which made the use of such on appeal useless at best. Sufficiency of the evidence was lost also at the hands of trial/appeal counsel because he failed to take the right steps, and PCRA counsel again failed to address… appeal counsel's failures that are plain on the face of the record. It is true Attorney Peck raised it on appeal but it was too little too late.

6. Trial court erred when it improperly compounded the guide-lines by making this petitioner's sentence like or mandatory in nature because of information of a firearm called a Glock. Said court used this uncharged firearm as a factual element to use upward departure in the sentence itself. And the trial counsel did nothing to appeal such a violation of the sentencing code itself. It was highly improper to give this petitioner the time associated with guns at sentencing. This is also on the face of the record and again PCRA counsel failed to brief this argument which was placed in the PCRA and lost [due] to his inactions on appeal. He never developed the record or gave citation.

7. The court erred in allowing an open ended indictment to be used to convict when they used controlled buys as a basis for the search warrant, and the illegal use of that information during trial. There had to be an indicia of reliability to such evidence such that dates, time, places, people involved, such as marked money, photo evidence. Not just the work of state officers saying that's what happened. Counsel failed this petitioner yet again and PCRA counsel followed in his footsteps.

8. Trial counsel and the court erred in allowing the jury to guess as to the reasons why video equipment was installed on this residence. The Commonwealth claimed it was this petitioner's property but they never proved it was he who had it installed and trial counsel took the Commonwealth information as fact and never challenged those facts presented.[8]

The background to this prosecution is set forth in the August 6, 2010 Memorandum of the Superior Court:

On July 1, 2008, Detective Ryan Reese and Thomas O'Barto, through a confidential informant, purchased drugs at 21 Lawton Avenue. The Detectives then secured a search warrant for 21 Lawton Avenue, which was listed as Appellant's residence. Before entering the residence, Detective Reese noticed that there was a video surveillance camera pointing down toward the residence.

The officers entered the residence, and Detective O'Barto went upstairs into a bedroom. Stephanie Lewis was seated on the end of a bed, talking on a cell phone and watching television. The television screen streamed the video surveillance,

---

[8]  See: Attachment to petition.

and Lewis observed everything that was happening at the front door. The police arrested Lewis and read her **Miranda** rights.

In the room w[h]ere Lewis was found, the police recovered a Glock Model 17 9-millimeter handgun, two baggies of crack cocaine in hiking boots, and a legal document that belonged to Appellant and Danielle Jaso. During their search of the residence, the police found various legal documents with Appellant's name on them.

After all the evidence was secured, Detective Reese gave Lewis a second set of **Miranda** warnings, and secured a written statement from her. In her written statement, Lewis stated that the room the police found her and the contraband in was Danielle Jaso and "Moody's" room: "[t]he drugs and gun they found in the room was Jaso and Moody's … Moody sold five to six times, drugs was [sic] sold out of the house three months ago" …

The Commonwealth charged Appellant with possession, PWID and conspiracy. In a jury trial, Appellant and Lewis were tried jointly as co-defendants.

At trial, the Commonwealth introduced Lewis' statement into evidence. Over objection, Detective O'Barto testified that Appellant's street name was "Moody" and that "Moody" was a "street name [that he] was familiar with from [his] dealings and drug work in Uniontown" … Detective Reese also testified that Appellant's street name was "Moody" …

Lewis testified in her own defense. As part of her testimony, Lewis stated that she knew Appellant was involved in illegal activity because Appellant was in and out of jail … The trial judge sustained defense counsel's objection and instructed the jury to disregard Lewis' statements…

Appellant testified in his own defense. During the course of his testimony, Appellant admitted that his street name was "Moody"…

Following trial, a jury found Appellant guilty of possession, PWID and conspiracy…[9]

I    It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

---

[9] See: Exhibit 6 to the answer at pp.1-3.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...

A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010).

The first issue which the petitioner raises here is that the trial court impermissibly permitted evidence to be introduced through Detectives Reese and O'Barto that he was known by the street name of Moody. This issue was raised as the first issue on direct appeal and in the context of ineffective assistance of counsel as Lewis' third post-conviction issue. At trial Reese testified that as a result of working the streets, he was familiar with Lewis' street name of Moody.(TT. 11/4/09 p.64).[10] The petitioner also testified that his street name was Moody (TT.11/4/09 p.123). Initially, it is clear from the record that the petitioner freely testified that he was known as Moody and even if this was not the case, alleged trial court evidentiary errors do not provide a basis for federal relief unless a fundamental denial of due process occurred. Keller v. Larkins, 251 F.3d 408 (3d Cir.) cert. denied 534 U.S. 973 (2001). Clearly, no such violation occurred here.

Petitioner also contends that counsel was ineffective for failing to object to the introduction of evidence concerning his street name. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair

---

[10]  The trial transcript appears as Exhibit 10 to the answer.

trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694. The <u>Strickland</u> test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. <u>See</u> <u>Strickland</u>, 466 U.S. at 687; <u>Rainey v. Varner</u>, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. <u>Rolan v. Vaughn</u>, 445 F.3d 671 (3d Cir.2006).

Through his own testimony, evidence of petitioner's street name was introduced and counsel cannot be deemed to have been ineffective for failing to raise a meritless issue. <u>Real v. Shannon</u>, 600 F.3d 302 (3d Cir.2010). For the above reasons, Lewis' first claim fails to demonstrate a basis for granting relief.

Petitioner's second claim is that the trial court erred by permitting his co-defendant to testify regarding her knowledge of his prior criminal record. This issue was raised as his second issue on appeal. Specifically in this regard, petitioner objects to the testimony of Stephanie Lewis that she was aware of his involvement in illegal activities "from him being in and out of jail before" (TT. 11/4/09 p.137). Petitioner's counsel immediately lodged an objection which was sustained and the jury was instructed to "disregard the last answer." (TT. 11/4/09 p.137). This matter was raised in the Superior Court and decided as a matter of state law, i.e. "It is well established that a trial court's curative instruction is presumed to be sufficient to cure any prejudice to Appellant." (citing cases).[11] Thus, since the issue was resolved as a matter of state law, that determination is not subject to review here. <u>Swarthout v. Cooke</u>, 131 S.Ct. 859 (2011).

Petitioner's third issue here is alleged prosecutorial misconduct in displaying to the jury, and presenting a Glock firearm to a juror who feared weapons. This issue was never raised in the state courts and can no longer be raised there.[12] In <u>Coleman v. Thompson</u>, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas

---

[11] See: Exhibit 6 to the answer at p.6.
[12] 42 Pa.C.S.A. § 9545(b).

review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has failed to avail himself of the available state court remedies on this issue and no further discussion is warranted here.

The petitioner's fourth issue is that the police activity was initiated by information from a confidential informant who was not produced at trial thus raising a confrontation issue. We initially observe that while the police might have become aware of Lewis' drug dealings from information gleaned from a confidential informant, the evidence presented at trial concerned only evidence secured by the police from petitioner's residence and not anything gained from the informant and thus no confrontation issue arose. However, even if this was not the case this claim was never raised in the state courts and for this reason has been procedurally defaulted and no further consideration is warranted here. Coleman, supra.

The petitioner's fifth issue is that counsel was ineffective for failing to contest the sufficiency of the evidence presented. We note that this issue was only presented to the appellate courts as Lewis' third appellate issue challenging the sufficiency of the evidence to sustain his conviction and not one alleging ineffective assistance of counsel.

When reviewing a challenge to the sufficiency of the evidence the issue before a federal habeas court is whether based on the evidence presented any rational fact finder could determine guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).

Lewis was convicted of possession with intent to deliver, possession of a controlled substance and conspiring to deliver a controlled substance. At trial a statement of petitioner's codefendant was introduced in which she related that the room in which she as well as the drugs were located was occupied by the petitioner and Jaso. In addition, at trial both the petitioner and Stephanie Lewis testified. Petitioner testified that neither the drugs, drug paraphernalia nor gun found by the police and the subject of the criminal charges belonged to him (TT. 11/4/09 pp. 115-116). On direct appeal, the Superior Court noted that although this issue was raised by Lewis he failed to argue it in his brief and for

this reason under Pennsylvania case law the claim is deemed waived.[13] Thus, because the matter was determined as a matter of state law, it is not properly before this Court for consideration. Swarthout v. Cooke, supra. Additionally, we observe that even if preserved, the evidence introduced, if deemed credible, was sufficient to sustain the conviction.

The petitioner's sixth issue here is that the sentence imposed was improper. Since this allegation was never raised in the state courts, it is procedurally defaulted here and needs not receive any consideration. Coleman, supra.

Petitioner's seventh issue concerns an "open ended indictment" which appears to reflect that as a result of early controlled narcotics purchases from him, the police obtained a search warrant which resulted in the charges of which he was convicted. As the trial court noted:

> The evidence at trial established that on July 1, 2008, Detective Reese and Detective O'Barto were attempting to make narcotics purchases at 21 Lawton Avenue in Uniontown, Pennsylvania, which is situated in Fayette County. On that date, Detective Reese and Detective O'Barto went to the residence at 21 Lawton Avenue on three separate occasions during the day. The Detectives visited the residence for the first time around 3:00 p.m. and returned about a half an hour later to make purchases. They were making purchases out of the residence using a Confidential Informant to attempt to get a search warrant to go back later to find narcotics at the residence. After those purchases were made, the evidence was secured and … Detective Reese typed out an application for a search warrant… After the search warrant was signed and approved, Detective O'Barto and Detective Reese gathered more officers and support personnel to help execute the warrant…

> As soon as entry was made, Detective O'Barto did go upstairs and went into a bedroom. Stephanie Lewis was seated on the end of a bed … She was secured and the rest of the upstairs was also secured…

> Detective O'Barto was told to search the room where Stephanie Lewis was found. In that room, Detective O'Barto found a Glock Model 17 9-millimeter handgun on a shelf in the closet, two baggies of crack cocaine in beige-colored hiking boots and a legal document that belonged to Khalkis Lewis and Danielle Jaso …(record citations omitted).[14]

Clearly, no irregularity occurred as a result of the introduction of evidence which was secured during the search conducted pursuant to a warrant. In addition, we observe that this issue

---

[13] See: Exhibit 6 to the answer at p.6.
[14] See: Exhibit 4 to the answer at pp.2-3.

was never raised in the Pennsylvania courts and for this reason is procedurally defaulted and need not be considered here. <u>Coleman</u> <u>supra.</u>

The petitioner's final claim is that the trial court erred in allowing the jury to guess as to the reasons why video equipment was installed on this residence. At trial Officer Reese testified that when he arrived at the residence, he observed that video surveillance equipment had been installed (TT. 11/4/09 p.44). Petitioner contends that this testimony permitted the jury to speculate about its purpose. However, since this matter was never raised in the state courts, it too is subject to a procedural default and need not be considered here. <u>Coleman</u> <u>supra.</u>

Thus because the issues raised here are either procedurally defaulted or meritless, and Lewis' conviction was not in any way secured in a manner contrary to the determination of federal law by the United States Supreme Court nor involved an unreasonable application of those determinations, he is not entitled to relief here.

Accordingly, the petition of Khalais Q. Lewis for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 30th day of May, 2013, for the reasons set forth in the foregoing Memorandum, the petition of Khalais Q. Lewis for a writ of habeas corpus (ECF 4) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell
United States Magistrate Judge